BROCKENBROUGH, J.,
delivered the opinion of the Court:
The Plaintiff in this Writ of Error was presented in the County Court, for failing to keep a road in repair, he being a surveyor thereof, and on the trial he was fined by the *210 jury, and judgment was rendered against him by the Court. During the vacation of the Superior Court, application was made to the Judge of the Court for a Writ of Error, and it was awarded. At the next session of the Superior Court, the Attorney for thé-Com-monwealth moved the Court to quash the Writ, as being improvidently awarded, and the question adjourned here, and now to be decided, is, whether a Judge, in vacation, may award a Writ of Error to a judgment for a misdemesnor, in behalf of the Commonwealth, against a Defendant, and whether this Writ ought to be quashed ?
It has heretofore been decided in this Court, (a) that the Act of Assembly which authorises Writs of Error and Supersedeas to be granted by a Circuit Court, or a Judge of the General Court, to the judgment of a County or Corporation Court, applies only to Civil Cases, (b) but,'that the Common Eaw Writ of Error may be granted to such judgment on the application of a Defendant, and without the approbation, or mandate of the Attorney General. In that case, it was, however, only decided that it might be granted by the Court: and as our Statute does not authorise a Judge, in vacation, to grant it, we must next en-quire, whether by Common Eaw that power belonged to *him. Although in England, it is spoken of in misdemeanors as a Writ of Right, yet this is only intended where there is probable cause of error. It does not, therefore, issue as a matter of course, but under the fiat of the Attorney General. If he improperly refuses, and probable grounds are laid, the Court will order him : (c) the Attorney General may also take the opinion, of the Court before it is granted, (c) It is clear, then, that the Writ does not issue as of course, but that some Tribunal must first judge of the probable cause of error. That Tribunal is, in England, first the Attorney General, and on his failure, the Court itself. Here we exclude the Attorney General from all participation in such power, because no such prerogative is allowed him, (nor even to our chief Executive Magistrate,) by our Constitution. It is then the Court itself which must judge of the probable cause of error, and the Judge, in vacation, is not vested with such power by the Common Eaw.
The following, judgment of the Court is, therefore, to be certified to the said Superior Court:
“ The Court is unanimously of opinion, and doth decide, that a Judge of the General Court, during the vacation of a Superior Court, cannot lawfully award a Writ of Error to a Judgment (against a Defendant,) of a County or Corporation Court, in the case of a prosecution in behalf of the Commonwealth, for a misdemesnor; and that‘the Writ of Error awarded in this Case,, ought to be quashed, as having improvidently issued.”

 Emanuel Temple v. The Commonwealth, 1 Virginia Cases, 163.

 1 Rev. Code of 1819, ch. 69, § 58, p. 239.

 1 Chitty’s Cr. Law, 749 ; 4 Black. Com. 391-2; 4 Burrow, 2551.